UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP,
and LABOR MANAGEMENT COOPERATION FUNDS,

                                      Petitioners,

                -against-

EASTON CONSTRUCTION L.L.C.,

                                      Respondent.

18 CV _____

**PETITION TO
CONFIRM AN
ARBITRATION AWARD**

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement (the "CBA") between the Northeast Regional Council of Carpenters ("Union") and Easton Construction L.L.C. ("Respondent").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.     Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5.     Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6.     Respondent is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 7068 Reservoir Road, Clinton, New York 13323.

## THE ARBITRATION AWARD

7.      On or around June 10, 2006, Respondent entered into a compliance form with the Union (the "Compliance Form").  A copy of the Compliance Form is annexed hereto as **Exhibit A**.

8.      By executing the Compliance Form, Respondent agreed to be bound to the collective bargaining agreement between the Union and the multi-employer associations covering the period June 1, 2006 to May 31, 2011.  *See* Exhibit A.

9.      Pursuant to the Compliance Form, Respondent further agreed that upon the expiration of the existing collective bargaining agreement, it would be bound "by the negotiated successor Collective Bargaining Agreement with the Council, in accordance with all of the terms and conditions contained in the Collective Bargaining Agreement."  *See* Exhibit A.

10.     Upon information and belief, neither Respondent nor the Union provided written notice to modify or terminate the agreement.  Accordingly, Respondent was bound to the 2011-16 Northwest Region Agreement and is currently bound to the 2016-19 Northwest Region Agreement (collectively, the "CBAs").  Copies of the 2011-16 Northwest Region Agreement and the 2016-19 Northwest Region Agreement are annexed hereto as **Exhibit B** and **Exhibit C**, respectively.

11.     The CBAs required Respondent, *inter alia*, to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union.  *See* Exhibit B, Article Seventeen; Exhibit C, Article Sixteen.

12.     The CBAs provides, *inter alia*, that "the Employer shall be bound by and shall comply with the Trust Agreements, plans and/or rules, policies and regulations of the applicable Funds, including the Funds' Joint Policy for the Collection of Delinquent Contributions

("Collection Policy"), as may be amended from time to time, to the extent not inconsistent with this Agreement."  Exhibit B, Article Seventeen, Section 3; Exhibit C, Article Sixteen, Section 3.

13.     A copy of the Collection Policy is attached to the CBAs as Appendix K. Exhibit B, Appendix K; Exhibit C, Appendix K.

14.     The Collection Policy requires an employer to submit to a payroll audit upon request by the Funds.  It further provides that, "[i]n the event that an employer refused to permit a payroll audit upon request by the Fund Office or the Funds' Auditor . . . [t]he Fund Office shall determine the estimated amount of the employer's delinquent contributions . . .  the employer will be responsible for all delinquent contributions in the estimated amount  . . . and all interest, attorneys' fees, costs, auditor's fees, arbitrator's fees and liquidated damages Exhibit B, Appendix K, Article 4.7; Exhibit C, Appendix K, Article 4.7.

15.     Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month.  Exhibit B, Appendix K, Article 2.1.C; Exhibit C, Appendix K, Article 2.1.C.

16.     The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced.  The amount of the liquidated damages shall be 20% of the delinquent Contributions."  Exhibit B, Appendix K, Article 6.1; Exhibit C, Appendix K, Article 6.1.

17.     A dispute arose when, in violation of the CBA, Respondent failed to submit to an audit of its books and records to determine whether Respondent was in compliance with the CBA.

18.     Pursuant to the Collection Policy, Petitioners determined that Respondent owes the estimated amount of $108,907.81 in delinquent contributions for the period January 1, 2013 through June 30, 2017.  Respondent failed to remit contributions to the Funds.

19.     The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator.  Exhibit B, Appendix K, Article 2.2; Exhibit C, Appendix K, Article 2.2.

20.     The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs and arbitration fees. Exhibit B, Appendix K, Article 6.3; Exhibit C, Appendix K, Article 6.3.

21.     Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson.  Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Failure to Permit Audit to Respondent, dated August 22, 2017, by Certified Mail.  A copy of the Notice of Intent to Arbitrate Failure to Permit Audit is annexed hereto as **Exhibit D**.

22.     Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated October 31, 2017, determining said dispute (the "Award").  A copy of the Award was delivered to Respondent.  A copy of the Award is annexed hereto as **Exhibit E**.

23.     The arbitrator found that Respondent was in violation of the terms of the CBA and ordered Respondent to pay the Funds the sum of $158,690.39, consisting of an estimated deficiency of $108,907.81, interest thereon of $26,351.02, liquidated damages of $21,781.56, attorneys' fees of $900.00, and the arbitrator's fee of $750.00 pursuant to the CBA.

24.     Respondent has failed to abide by the Award.

25.     The Award has not been vacated or modified and no application for such relief is currently pending.

26.     This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

27.     Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).  *See* Exhibit B, Appendix K, Article 6.3; Exhibit C, Appendix K, Article 6.3.

28.     Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit F**.

29.     I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and an associate at V&A.  Since graduating law school and being admitted to the New York State bar, I have handled the prosecution of several ERISA collections actions. V&A billed my time at a rate of $225 per hour for work performed in connection with this action.

30.     Caroline Turner ("CT" in the accompanying billing records), is a 2016 graduate Columbia Law School, and an associate at V&A. V&A billed her time at a rate of $225 per hour for work performed in connection with this action.

31.     V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.

32.     In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

33.     V&A's total billings in this matter amount to $1,935 reflecting 8.9 hours of work. *See* Exhibit F.

34.     In addition, V&A will also advance $400 in court filing fees and $75 in service fees upon the filing of the instant petition.  *See* Exhibit F.

35.     Accordingly, Petitioners are entitled to recover $2,410 in attorneys' fees and costs incurred in connection with this matter.

**WHEREFORE,** Petitioners respectfully request that this Court:

1.  Confirm the Award in all respects;

2.  Award judgment in favor of Petitioners and against Respondent in the amount of $158,690.39 pursuant to the Award, plus interest from the date of the Award through the date of judgment;

3.  Award judgment in favor of the Petitioners and against Respondent in the amount of $2,410 in attorneys' fees and costs arising out of this petition; and

4.  Award Petitioners such other and further relief as is just and proper.


Dated: New York, New York             Respectfully submitted,
           January 5, 2018
                                      **VIRGINIA & AMBINDER, LLP**


                           By:     ____/s/_____
                                   Charles R. Virginia
                                   Nicole Marimon
                                   40 Broad Street 7th Floor
                                   New York, New York 10004
                                   Telephone: (212) 943-9080
                                   Fax: (212) 943-9082
                                   *Attorneys for Petitioners*